IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN LYNN, on behalf of himself and all others
similarly situated,

        Plaintiff,

  -vs-                                                                                               Civ. No. 04-0300 LH/ACT

THE PURDUE PHARMA COMPANY, PURDUE
PHARMA, L.P., THE PURDUE FREDERICK
COMPANY, PURDUE PHARMACEUTICALS,
L.P., and P.F. LABORATORIES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Transfer Proceedings to the Southern District of New York (Docket No. 3), filed March 18, 2004; Plaintiff's Motion to Remand (Docket No. 10) and Motion for an Accelerated Briefing Schedule and for an Expedited Hearing Date (Docket No. 11), both filed on March 29, 2004; Defendants' Motion Pursuant to Rule 26(d) for Leave to Engage in Jurisdictional Discovery (Docket No. 17), filed April 9, 2004; Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer (Docket No. 28), filed April 29, 2004; and Defendants' Motion for Leave to File Surreply on Plaintiff's Motion for Remand (Docket No. 31), filed May 3, 2004. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Defendants' Motion to Transfer Proceedings to the Southern District of New York is well taken and

will be **granted**, and Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer will be **denied as moot**.

Plaintiff Brian Lynn filed his Class Action Complaint for Damages abd [sic] Equitable Relief for Violations of the New Mexico Antitrust and Unfair Practices Act ("Complaint") in the Second Judicial District of the State of New Mexico on February 10, 2004. As alleged in the Complaint,

> [t]his action arises from Defendants' unlawfully obtained and perpetuated monopoly over the manufacture and marketing of the brand-name drug OxyContin . . . . In obtaining patents for their oxycodone formulation, Defendants provided false and misleading material statements to the United States Patent and Trade Mark [sic] Office ("PTO"). Defendants' patents allowed them to create and maintain a monopoly over the sale of OxyContin and oxycodone hydrochloride c-r. Armed with their invalid and unenforceable patents, Defendants have also attempted to eliminate competition from the sale of generic versions of OxyContin by instituting baseless patent infringement actions against proposed manufacturers of the generic drugs. Thus, Plaintiff and members of the class have been harmed by Defendants' unlawful and anticompetitive conduct by being forced to pay inflated prices for OxyContin, as well as being deprived of the ability to purchase cheaper, more affordable generic versions of the drug.

(Notice of Removal, Ex. A (Complaint) ¶ 1.) Plaintiff brings three counts against Defendants, alleging violation of the New Mexico Antitrust Act and the New Mexico Unfair Practices Act and for unjust enrichment.

As Plaintiff discusses in some detail in his Complaint, this action is related to proceedings brought by Defendants in the Southern District of New York, Purdue Pharma L.P. v. Endo Pharmaceuticals, Inc., Nos. 00 CIV. 8029(SHS), 01 CIV. 2109(SHS), and 01 Civ. 8177(SHS) ("Endo"). (Compl. ¶¶ 26-32.) In that case, Judge Stein found that the Endo defendants had infringed on certain patents held by the Purdue plaintiffs, but that the inequitable conduct of the plaintiffs before the PTO during the prosecution of the patents, rendered the patents unenforceable.

2004 WL 26523 (Jan. 5, 2004). Plaintiff's case apparently is one of fifty-nine antitrust lawsuits that have been brought against Defendants following Judge Stein's ruling.

Defendants removed this case to this Court on March 16, 2004, and on March 18, 2004, moved to transfer these proceedings, pursuant to 28 U.S.C. § 1404, to the Southern District of New York. Plaintiff filed his Motion to Remand and Motion for an Accelerated Briefing Schedule and for an Expedited Hearing Date on March 29th. On April 9th, Defendants filed their Motion Pursuant to Rule 26(d) for Leave to Engage in Jurisdictional Discovery. On April 29th, they filed a Notice of Multidistrict Litigation (Docket No. 30), informing the Court that the Judicial Panel on Multidistrict Litigation had issued an order transferring two antitrust cases filed in the District of Connecticut to the Southern District of New York. (Ex. A, *In re OxyContin Antitrust Litigation*, Docket No. 1603 (Apr. 22, 2004).) In its Transfer Order, the Panel also stated that the parties had identified forty-one related actions, twenty-three of which were pending in the Southern District of New York, and that the eighteen not currently in the Southern District of New York and any other related actions would be treated as potential tag-along actions. (*Id.* at 1 n.1.) While the suit before this Court had not yet been designated a tag-along, Defendants state their intention to so designate it, which would result in the issuance of a conditional transfer order. (Notice of Multidistrict Litigation at 2.) Finally, on May 3, 2004, Defendants filed their Motion for Leave to File Surreply on Plaintiff's Motion for Remand.

In considering the Motions currently before it, the Court initially must decide whether Defendants' Motion to Transfer or Plaintiff's Motion to Remand should be addressed first. Given the circumstances of this case, the Court finds that it is most appropriate to decide the Motion to Transfer before the Motion to Remand.

"Courts have held that where there exists both a Motion to Remand and a Motion to Transfer, a court may decide them in any order." *Friedman v. Purdue Pharma Co.*, No. CIV 04-0404-PHX-EHC, slip op. at 3 (D. Ariz. Jun 2, 2004)(citing *Burse v. Purdue Pharma*, 2004 WL 1125055 (N.D. Cal. 2004)(citing *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998)))(Ex. A to Defs' Sixth Statement of Recent Decision (Docket No. 47)).  Like the *Friedman* court, this Court is persuaded by the reasoning in *Burse*, another of the antitrust actions springing from the *Endo* litigation:

> [t]he circumstances of these cases involve a series of nation-wide class actions against identical defendants grounded in a similar factual foundation, that being Purdue's unenforceable patents.  The various actions which are ripe for consolidation before the MDL implicate overlapping legal issues, and the pending appeal to the federal Circuit looms over all the related cases.  For these reasons, the Court finds that it is appropriate to consider Defendant's motion to transfer prior to Plaintiff's motion for remand.

*Id.* (quoting *Burse*, 2004 WL 1125055); *see also White v. Purdue Pharma Co., Inc.*, Case No. 04-00857-GEB, oral ruling (D.N.J. Apr. 19, 2004)(Ex. A to Defendants' Statement of Recent Decision (Docket No. 25)); *cf. Schecher v. Purdue Pharma L.P.*, Case No. 04-4015-JAR, 2004 WL 1078129, *11 & n.41 (D. Kan. May 6, 2004)(reference as potential tag-along action in Panel's Transfer Order does not limit Court's power to enter order deciding motion to transfer).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute was enacted to allow easy transfer of a case when justice so requires. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  Discretion to transfer a case resides in the district court in which the case was originally brought and the decision to transfer

4

should be considered on an individualized, case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The movant bears the burden of establishing that the current forum is inconvenient. *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Some of the factors that have been considered by the courts in the Tenth Circuit include: 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of the witnesses, 4) the expense to the parties of one venue over another, 5) difficulties that may arise from congested dockets of the courts, and 6) any considerations of a practical nature that make a trial easy, expeditious, and economical. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)(quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *Scheidt v. Klein*, 956 F.2d 963 (10th Cir. 1992).

There is no question that Defendants have met their burden and that the circumstances here call for transferring this case to the Southern District of New York. As the *Schecher* court concluded in a related OxyContin antitrust case, "any inconvenience caused to the plaintiff by transfer is far outweighed by the interest of justice, and plaintiff's choice of forum is not entitled to blind deference," particularly when plaintiff is a class representative. 2004 WL 1078129, *12-13, 15. As found by courts that have transferred related cases as of this date, the interests of justice and convenience of the parties and witnesses, particularly considering such factors as the pendency of related litigation in New York, this matter's status as a potential tag-along, Judge Stein's extensive experience with the issues presented, judicial efficiency, the concomitant avoidance of inconsistent results, and the fact that the underlying conduct took place in the New York area, strongly support transfer. *See, e.g., White*, Case No. 04-00857-GEB; *Burse*, 2004 WL 1125055; *Balloveras v. Purdue*

*Pharma Co.*, Case Number: 04-20360-CIV-MORENO, 2004 WL 1202854 (S.D. Fla May 19, 2004)(Ex. A to Defendants' Fourth Statement of Recent Decision (Docket No. 42)); *Deutsch v. Purdue Pharma Co.*, Case No. 4:04CV354 JCH (E.D. Mo. May 27, 2004)(Ex. A to Defendants' Fifth Statement of Recent Decision (Docket No. 45)); *Friedman*, No. CIV 04-0404-PHX-EHC; *Williams v. Purdue Pharma Co.*, Civil Action No. 04-451 (EGS)(D.D.C. June 3, 2004)(Ex. A to Defendants' Seventh Statement of Recent Decision (Docket No. 48)).

Having found that Defendants' Motion to Transfer will be granted, Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer will be denied as moot. The remaining Motions remain to be decided by the transferee court.

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Proceedings to the Southern District of New York (Docket No. 3), filed March 18, 2004, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer (Docket No. 28), filed April 29, 2004, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**